UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE RAWSON,

        Petitioner,

v.                                             Case No. 20-CV-12027
                                             HONORABLE MARK A. GOLDSMITH
BRYAN MORRISON,[1]

        Respondent.
_____/

**OPINION & ORDER**
**(1) GRANTING RESPONDENT'S MOTION TO DISMISS (Dkt. 10), (2) DENYING PETITIONER'S MOTION FOR DEFAULT (Dkt. 13), AND (3) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Michigan prisoner Lawrence Rawson, currently confined at Lakeland Correctional Facility in Coldwater, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rawson was convicted following a jury trial in Calhoun County Circuit Court of first-degree criminal sexual conduct (victim under 13 years of age), Mich. Comp. Laws § 750.520b(1)(A); second-degree criminal sexual conduct (victim under 13), Mich. Comp. Laws § 750.520c(1)(A); and accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a. The state trial court sentenced Rawson to 20–40 years' imprisonment for the first-degree CSC conviction, 10–15 years for the second-degree conviction, and 11 months to 4 years for accosting.

Petitioner raises claims of prosecutorial misconduct, judicial misconduct, and judicial bias. (Dkt. 1). In lieu of filing an answer to the petition, Respondent moved to dismiss the petition on

---

[1] The caption is amended to reflect the proper respondent in this case, the warden of the prison where Petitioner is currently incarcerated. See Edwards v. Johns, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); see also Rules Governing § 2254 Case, Rule 2(a), 28 U.S.C. foll. § 2254.

the ground it was untimely (Dkt. 10). Petitioner has filed a response to the motion to dismiss (Dkt. 12), as well as a motion for default (Dkt. 13), and two letters (Dkts. 14, 15), one of which requested immediate consideration of his petition.

Having reviewed the matter, the Court concludes that the petition is untimely and must be dismissed. The Court will also deny a certificate of appealability and leave to proceed in forma pauperis on appeal.

## I.   BACKGROUND

Following Petitioner's conviction on September 25, 2009, he was sentenced on October 26, 2009; final judgment was entered that day (Dkt. 11-6). He did not file a direct appeal following his conviction and sentencing. Petitioner filed a motion for relief from judgment in the state trial court on May 22, 2019 (Dkt. 11-2). Petitioner argued defense counsel had insufficient time to review discovery to prepare a proper defense. Mot. for Relief from Judgment at PageID.80. He also claimed the prosecution committed misconduct by "removing/withholding" the only witness who could provide exculpatory testimony. Id. at PageID.81.

The state trial court denied Petitioner's motion, finding it to be without merit. 7/3/19 Order at PageID.83 (Dkt. 11-3). The Michigan Court of Appeals denied leave to appeal, People v. Rawson, No. 349996 (Mich. Ct. App. Sept. 9, 2019) (Dkt. 11-7), as did the Michigan Supreme Court, People v. Rawson, 941 N.W.2d 626 (Mich. 2020).

Petitioner filed his petition for writ of habeas corpus on July 16, 2020 (Dkt. 1), claiming prosecutorial misconduct, judicial misconduct, and judicial bias.

Respondent filed a motion to dismiss the petition as untimely (Dkt. 10). Petitioner argued in response that he was prevented from filing a timely appeal and habeas because of post-traumatic

stress disorder and other issues (Dkt. 12). Petitioner also filed a motion for default, because Respondent had not filed a response (Dkt. 13).

## II. ANALYSIS

### A. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. 28 U.S.C. § 2244(d)(1). Petitioner's habeas petition was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing a habeas petition, apply. See Lindh v. Murphy, 521 U.S. 320, 337 (1997). Title 28 of the United States Code, section 2244(d)(1) states in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A habeas petition filed outside the time period prescribed by this section must be dismissed. Lee v. Brunsman, 474 F. App'x 439, 440 (6th Cir. 2012). However, because the AEDPA statute of limitations is not jurisdictional, it is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010).

A habeas petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioners bear bears the burden of demonstrating that they are entitled to equitable tolling, Pace, 544 U.S. at 418, and federal courts should grant equitable tolling sparingly, Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010).

### B. The Habeas Petition is Untimely Under AEDPA

Respondent argues that Petitioner's habeas petition should be barred from federal habeas review because it was filed several years after the expiration of the one-year statute of limitations. To resolve the question, the Court must first determine when Petitioner's conviction became "final," which dictates when the limitations period began running. See Williams v. Wilson, 149 F. App'x. 342, 345 (6th Cir. 2005). Under § 2244(d)(1)(A), a state-court judgment becomes final when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. See Wilberger v. Carter, 35 F. App'x. 111, 114 (6th Cir. 2002); 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on October 26, 2009. He then had 12 months from the date of his sentence pursuant to Michigan Court Rule 7.205 to file a delayed application for leave to appeal.[2] Petitioner never filed a direct appeal from his conviction and sentence; thus, his judgment of sentence became final, within the meaning of § 2244(d)(1)(A), on October 26, 2010, when the time limit for filing a direct appeal in the Michigan Court of Appeals expired. See Williams v. Birkett, 670 F.3d 729, 731 (6th Cir. 2012). Under AEDPA, Petitioner had one year, until October 26, 2011, to file a timely petition for writ of habeas corpus with this court unless the limitations period was somehow tolled. Petitioner did not file his habeas petition until July 16, 2020.

Petitioner filed a post-conviction motion for relief from judgment in the state trial court on May 22, 2019—several years after the limitations period had already expired. Although 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted toward the period

---

[2] This time period was reduced to six months in 2011, where it remains. See Staff Comment to 2011 Amendment. Mich. Ct. R. 7.205; see also Mich. Ct. R. 7.205(A)(2)(a).

of limitations contained in the statute, a state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period under the statute, because there is no period remaining to be tolled. Jurado v. Burt, 337 F.3d 638, 641 (6th Cir. 2003); Hargrove v. Brigano, 300 F.3d 717, 718 n.1 (6th Cir. 2002).

Petitioner argues he was unable to appeal or file a timely habeas petition because he suffers from post-traumatic stress disorder (PTSD) as a result of his military service in Vietnam, and because he feared being "found out" for the nature of his offenses. Resp. to Mot. Dismiss at PageID.345 (Dkt. 12). He asserts that he was only able to move forward with his challenge to his convictions after he was moved to a veterans unit at the Saginaw Correctional Facility in July 2017, where he consulted with a prison legal writer. Id.

Petitioner's explanation does not provide a basis for the Court to find his petition equitably tolled. "'Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period.'" Plummer v. Warren, 463 F. App'x 501, 506 (6th Cir. 2012) (quoting Price v. Lewis, 119 F. App'x 725, 726 (6th Cir. 2005)). Mental incompetence may serve as an "extraordinary circumstance" to toll AEDPA's statute of limitations. Ata v. Scutt, 662 F.3d 736, 742 (6th Cir. 2011). However, "[t]o obtain equitable tolling" on that basis, "a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." Id. A "blanket assertion of mental incompetence" will not suffice; a petitioner must demonstrate "a causal link between the mental condition and untimely filing." Id.

When petitioners seeking equitable tolling provide no evidence of their extraordinary circumstances, courts have declined to grant that relief. See, e.g., Clark v. Warren, No. 19-11054, 2020 WL 3791522, at *4–5 (E.D. Mich. July 7, 2020) (declining to grant tolling where petitioner

provided records of mental illness, but not of mental incompetence); Mazzio v. Michigan Dep't of Corr., No. 19-13500, 2020 WL 95807, at *4 (E.D. Mich. Jan. 8, 2020) (declining to grant tolling where petitioner provided no evidence of a PTSD diagnosis or that he was mentally incompetent during the limitations period). By contrast, the petitioner in Ata was found entitled to an evidentiary hearing on equitable tolling because he had specifically alleged that hospitalization and medication during the limitations period prevented him from filing a timely habeas petition. 662 F.3d at 742–745.

Here, Petitioner has only made a "blanket assertion" regarding his PTSD. Petitioner has provided no evidence of such a diagnosis, nor has he alleged a causal link between his PTSD and his inability to file a timely habeas petition. Id. at 742. Further, Petitioner has not provided the Court any actions he took before 2017 that would demonstrate diligence on his part, as required. See Holland, 560 U.S. at 645; Pace, 544 U.S. at 418.

Finally, equitable tolling of the statute of limitations is also available when a petitioner makes "a credible showing of actual innocence[,]" but "tenable" claims of actual innocence are rare. See McQuiggin v. Perkins, 569 U.S. 383, 386, 392 (2013). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). A credible actual-innocence claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.

Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. He does allege that the testimony of a witness who did not testify would be

6

exculpatory. See Resp. to Mot. to Dismiss at PageID.347. However, Petitioner provides no affidavits, proffers, or any other basis to explain what that witness's testimony would be and how it would exonerate him. The actual innocence "gateway" is not available to Petitioner.

Petitioner's habeas petition was filed untimely, and he is not entitled to equitable tolling. The petition will be dismissed.

### C. Petitioner's motion for default

Finally, Petitioner filed a motion for default, which appears to argue that relief is appropriate because Respondent filed a motion to dismiss and not a response to his petition. Default judgments based on a respondent's failure to answer the petition are not available in habeas proceedings. Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970); see also Alder v. Burt, 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003).

In addition, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or take other action the judge may order." Therefore, under Rule 4, it is clearly permissible for a respondent to file a motion to dismiss or for summary judgment. See Jackson v. Straub, 309 F. Supp. 2d 952, 959 (E.D. Mich. 2004) (holding that it was reasonable for respondent to file motion for summary judgment on statute of limitations grounds, rather than answer petition, when law in effect at time that respondent filed motion held that the habeas petition was time-barred). Petitioner is not entitled to a default judgment.

### D. Certificate of Appealability and Leave to File In Forma Pauperis

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely and that Petitioner is not entitled to tolling of the one-year limitations period. Accordingly, the Court will dismiss with prejudice the petition for a writ of habeas corpus.

7

Before Petitioner may appeal this decision, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or incorrect. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a court denies relief on procedural grounds without addressing the merits, a COA should issue only if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Id. In this case, jurists of reason could not find debatable the Court's procedural ruling that the habeas petition is untimely and that Petitioner is not entitled to equitable tolling. Accordingly, the Court will deny Petitioner a COA.

The Court further concludes that an appeal from this decision cannot be taken in good faith. See Fed. R. App. P. 24(a). Accordingly, the Court will deny Petitioner leave to proceed in forma pauperis on appeal.

### III.   CONCLUSION

For the reasons stated above, Respondent's motion to dismiss (Dkt. 10) is granted, Petitioner's motion for default (Dkt. 13) is denied, the petition for a writ of habeas corpus (Dkt. 1) is dismissed, and a certificate of appealability and leave to file in forma pauperis are denied.

SO ORDERED.

Dated: July 30, 2021                    s/Mark A. Goldsmith
  Detroit, Michigan                     MARK A. GOLDSMITH
                                        United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2021.

                                                    s/Karri Sandusky
                                                    Case Manager